J. Curtis Edmondson, CSB# 236105
Keith Pitt, CSB #254901
Darian Stanford, (Pro Hac Vice Pending)
Slinde Nelson Stanford
111 Southwest 5th Avenue, Suite 1940
Portland, OR 97204
Phone: 866-280-7562
Email: jcedmondson @slindenelson.com
Web: www.slindenelson.com

Attorney for Defendant JOHN DOE 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA,LLC | Case No.: 3:15- cv-04173-WHA |
| Plaintiff, | ANSWER and AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT of JOHN DOE 2 aka MBS |
| vs. | |
| JOHN DOE 2 aka MBS | |
| Defendant | |

COMES NOW, the Defendant, JOHN DOE 2 aka MBS ("MBS" or "Defendant"), by and through its counsel of record, hereby answers Plaintiff Malibu Media, LLC dba X-ART.COM Amended Complaint ("Amended Complaint"), on the grounds and praying for the relief hereinafter set forth and further files these counter-claims:

Introduction

1. With regard to paragraph 1 it is introductory in nature and requires no response.

2. With regard to paragraph 2, denied.

3. With regard to paragraph 3, Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

Jurisdiction and Venue

4. With regard to paragraph 4, admitted.

5. With regard to paragraphs 5-6, Defendant has insufficient knowledge to admit or deny the allegations set forth in regards to tracing technology regarding the IP address and therefore denies them. Defendant denies all allegations of copyright infringement or that Defendant committed any tortious conduct..

7. With regard to paragraphs 7, Defendant admits that he resides in the Northern District of California, and therefore venue is proper. All other allegations contained in paragraph 7 are denied.

Intradistrict Assignment

8. With regard to paragraph 8, the orders of this Court are subject to judicial notice.

Parties

8. With regard to paragraph 9, Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

9. With regard to paragraph 10, Defendant admits.

Factual Background

10. With regard to paragraphs 11-17, Plaintiff's characterization of the Bittorrent Protocol is inaccurate as described, as such, the Defendant has insufficient knowledge to admit or deny the allegations set forth in these paragraphs, and therefore denies them.

11. With regard to paragraphs 18-19, Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them.

12. With regard to paragraph 20, denied.

13. With regard to paragraphs 20-23, Defendant has insufficient knowledge about how IPP International's system works and other related allegations, and as such is unable to admit or deny the allegations set forth in this paragraph, and therefore denies them.

14. With regard to paragraph 24, Defendant has insufficient knowledge about how Plaintiff prepared Exhibit B, and as such is unable to admit or deny the allegations set forth in this paragraph, and therefore denies them.

15. With regard to paragraph 25, Plaintiff's characterization of Defendant is inaccurate and also is a legal conclusion, and therefore denies these allegations.

16. With regard to paragraph 26, Defendant agrees that Plaintiff's only know the IP address, but dispute Plaintiff's characterization of Defendant is inaccurate and also is a legal conclusion, and therefore denies these allegations.

17. With regard to paragraph 27, Defendant has no knowledge of what IPP International recorded from IP address 98.207.153.167 and the further communications from Comcast Cable and therefore denies these allegations.

18. With regard to paragraph 28, Defendant has no knowledge of the communications between Plaintiff and other parties, and therefore is not in a position to admit or deny, so therefore will deny.

19. With regard to paragraph 29, Defendant has no knowledge of the communications between Plaintiff and other parties, and therefore is not in a position to admit or deny, so therefore will deny.

20. With regard to paragraph 30, Defendant has no knowledge what position Plaintiff will take with the "landlord" and what Plaintiff will show or not show, and therefore Defendant is not in a position to admit or deny, so therefore will deny.

### Miscellaneous

21. With regard to paragraph 31, Plaintiff's statement regarding "conditions precedent" does not appear to make sense without stating what the conditions are, as such, Defendant will deny.

22. With regard to paragraph 32, Defendant has no knowledge as to whether Plaintiff pays his counsel or not - but common sense dictates that they get paid for what they do, Defendant is not in a position to admit or deny this allegation, so therefore will deny.

Count 1

Direct Infringement against Defendant

23. All responses, paragraphs 1-22 in this answer, are incorporated by reference and realleged in response to Paragraph 33.

24. With regard to paragraph 34, Defendant has no knowledge of ownership of the "Copyrights-in-Suit", so therefore will deny.

25. With regard to paragraph 35, Defendant denies.

26. With regard to paragraph 36, Defendant denies.

27. With regard to paragraphs 37(A)-(D), Defendant denies.

28. With regard to paragraphs 38, Defendant denies.

Response to the Prayer

29. Defendant respectfully denies the allegations in Plaintiff's Prayer for Relief, ¶¶(A)-(F).

Response to Jury Trial Demand

30. Defendant agrees to a Jury Trial.

**AFFIRMATIVE DEFENSES**

31. Plaintiff's claims are barred under the doctrine of laches, in that Plaintiff was aware of harm, for at least two years notice prior to making a claim and had an adequate remedy to prevent further alleged infringements, if any.

32. Plaintiff's claims are barred by the grant of an actual or implied license granted to the Defendant.

33. Plaintiff's claim are barred under the doctrine of limited abandonment of the viewing right.

34. Plaintiff's claims are barred by the doctrine of lack of standing.

35. Plaintiff's claims are barred under doctrine of inequitable conduct before the Copyright Office.

36. Plaintiff's claims are barred under the statutory defenses provided for under 17 USC 107.

37. Plaintiff's claims are barred under the first sale doctrine, 17 USC 109.

38. Plaintiff's claims are barred under 17 USC 1202(a).

39. Plaintiff's claim of statutory damages may be subject to apportionment across joint infringers.

40. Plaintiff's claims are barred under the doctrine of copyright misuse.

41. Plaintiff's claims fail failing to join indispensable parties.

42. Defendant reserves the right to amend these affirmative defenses up until and during trial.

## **COUNTERCLAIM OF DEFENDANT JOHN DOE 2 aka MBS**

### COUNT 1 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

43. On good faith and belief, www.x-art.com, is the owner and distributor of the films that are the subject of this lawsuit.

44. Defendant subscribed to the website of www.x-art.com and continues to have a valid subscription. In exchange for Plaintiff providing this monthly payment, the Plaintiff granted the Defendant the right to view and copy the films that are the subject of this lawsuit.

45. Plaintiff has alleged infringement of the films that are the subject of this lawsuit, but Defendant has been granted a license or a license by the Plaintiff for these works in question. As such, no infringement of the works can be maintained by the Plaintiff.

46. A case and controversy exists as to the scope and effect of the Defendant's license to the works distributed through x-art.com. Defendant respectfully requests, pursuant to this license granted by x-art.com, that this Court enter a judgment of non-infringement in favor of Defendant.

**DEFENDANT'S PRAYER FOR RELIEF**

Defendant respectfully prays and judgment entered as follows:

    A.  That Plaintiff's claims for infringement be denied in their entirety and take nothing;

    B.  Defendant has a valid license to Plaintiff's works;

    C.  Defendant is the prevailing party under the Copyright Act;

    D.  Defendant be entitled to statutory attorney fees under the Copyright Act;

    E.  Defendant be entitled to costs of suit; and

    F.  Defendant be entitled to any other relief that this Court may allow.

Respectfully submitted,

Dated: February 28, 2016         /s/ J. Curtis Edmondson
                                            Slinde Nelson Stanford
                                            111 Southwest 5th Avenue, Suite 1940
                                            Portland, OR 97204
                                            Phone: 866-280-7562
                                            Email: jcedmondson @slindenelson.com
                                            Web: www.slindenelson.com