IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, | No. C 15-04173 WHA |
| Plaintiff, | |
| v. | |
| JOHN DOE SUBSCRIBER IP ADDRESS 98.207.153.167 and JOHN DOE 2, aka MBS, | **ORDER SETTING ASIDE DEFAULT** |
| Defendants. | |

## INTRODUCTION

In this copyright infringement action over pornography, the copyright owner failed to timely respond to one accused infringer's counterclaim for declaratory judgment of non-infringement. The Clerk entered default on the counterclaim. Plaintiff now moves to set aside the default. For the reasons stated below, plaintiff's motion is **GRANTED**.

## STATEMENT

Plaintiff Malibu Media, LLC, makes pornographic videos which it offers via paid subscription on its website, x-art.com. Within the past year, Malibu Media has commenced 178 copyright infringement actions in this district and thousands more elsewhere. As in each of its numerous actions Malibu Media accused an Internet user of using software called BitTorrent to copy and distribute its copyrighted videos.

When it commenced this action, Malibu Media could only identify the accused infringer by his IP address, a 32-bit numerical identifier assigned to the Internet connection used by the accused infringer. In order to identify the proper defendant, Malibu Media sought leave to

1  serve a third-party subpoena on Comcast Communications, Inc., the Internet service provider
2  for the connection used by the accused infringer. Malibu Media sought the identity of the
3  subscriber for that Internet service, defendant John Doe Subscriber Assigned IP Address
4  98.207.153.167 ("Doe '167"). An order granted Malibu Media's request for leave to serve a
5  third-party subpoena.

6  Once Malibu Media received Doe '167's identity, Doe '167 informed Malibu Media that
7  neither he nor any member of his household had ever used BitTorrent, so Malibu Media
8  conducted a further investigation. Malibu Media determined that John Doe 2, aka MBS, had
9  rented Doe '167's guest house and allegedly used Doe '167's Internet connection to conduct the
10 accused infringement. Malibu Media amended its complaint and named MBS as a second
11 defendant.

12 In February 2016, MBS, who is represented by Attorney J. Curtis Edmondson, answered
13 Malibu Media's complaint and filed a counterclaim for declaratory judgment of non-
14 infringement (Dkt. No. 32). MBS alleged that he subscribed to x-art.com and that "[i]n
15 exchange for [his] monthly payment, [Malibu Media] granted [him] the right to view and copy
16 the films that are the subject of this lawsuit" (*id.* at ¶ 44). Malibu Media never answered the
17 counterclaim.

18 In May 2016, MBS requested that the Clerk enter default on his counterclaim, inasmuch
19 as Malibu Media had missed the deadline pursuant to Rule 12(a)(1)(C) to respond by more than
20 a month. The Clerk entered default on May 27. Malibu Media moved to set aside the default
21 two weeks later. This order follows full briefing and oral argument.[1]

22 **ANALYSIS**

23 Rule 55(c) provides that "the Court may set aside an entry of default for good cause,"
24 and the assessment of good cause is subject to a district court's discretion. *Franchise Holding*
25 *II v. Huntington Rest.*, 375 F.3d 922, 925 (9th Cir. 2004), *cert. denied* 544 U.S. 949. Our court
26 of appeals set forth three factors that should be considered in exercising that discretion,

---

[1] The hearing on this motion was continued by three weeks based on the parties' representation that they had reached a tentative settlement agreement (Dkt. No. 47). On August 1, counsel for Malibu Media informed the Court's deputy clerk the settlement had fallen through.

1  "(1) whether the [counterclaimant] will be prejudiced, (2) whether the [counter]defendant has
2  a meritorious defense, and (3) whether culpable conduct of the [counter]defendant led to the
3  default." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011)
4  (quoting *Falk v. Allen*, 738 F.2d 461, 463 (9th Cir. 1984). The district court is free to deny
5  relief "if any of the three factors is true." *Ibid.* (citations omitted).

6  Malibu Media contends that its failure to timely respond is due to a calendaring error, so
7  good cause exists to set aside the default. MBS responds that each of the three *Falk* factors
8  applies, so the Court should deny relief.

9  MBS contends that he will be prejudiced if default is set aside, inasmuch as he has a
10 subscription to view the copyrighted works at issue herein. Similarly, he contends that his
11 subscription constitutes a complete defense to copyright infringement, so Malibu Media's
12 defense lacks merit. Not so. MBS's subscription did not grant him free rein to copy or
13 distribute Malibu Media's videos. Moreover, MBS's allegation artfully omits the date on which
14 he first subscribed to Malibu Media's website. MBS also notes that the undersigned recently
15 denied a motion by Malibu Media to dismiss a defendant's counterclaim for declaratory
16 judgment of non-infringement in a different case, which he contends indicates the lack of merit
17 to Malibu Media's defense. *See Malibu Media v. John Doe*, Case No. 15-4441, ECF No. 53
18 (N.D. Cal. June 20, 2016). Contrary to MBS, that decision did not hold that Malibu Media
19 lacked a meritorious defense but rather held that dismissal of the counterclaim would serve no
20 purpose other than to allow Malibu Media an easier exit from the case should it ultimately
21 prove meritless. MBS's suggestion that his subscription to x-art.com defeats any meritorious
22 defense to his counterclaim (or that he would be prejudiced by proceeding on the merits) is
23 simply disingenuous.[2]

24 MBS further argues that Malibu Media, which has litigated thousands of similar cases
25 across the country, including nearly two hundred in this district, should have known about this
26 deadline. He contends that counsel's calendering error was merely "a defect in Malibu Media's

---

[2] Malibu Media contends that its records indicate MBS did not subscribe until after the commencement of this lawsuit, but it fails to provide sworn evidence to support that contention.

3

lawsuit manufacturing process" and that it should treat default as its "cost of doing business" (Def.'s Opp. at 3). MBS is correct that Malibu Media has regrettably clogged the docket of this district with its prolific litigation. Moreover, Malibu Media's lack of diligence has been a chronic problem throughout its campaign, and Malibu Media has been required to bear the consequences of its errors frequently. Nevertheless, Malibu Media's calendaring error, while careless, was not the kind of "culpable conduct" contemplated by the *Falk* factors. There is no indication that Malibu Media's sought to hinder the progress of this litigation. Rather, Malibu Media's failure to respond resulted from a simple negligent error.

It is worth noting that Malibu Media often relies on defendants' failure to respond in order to secure massive default judgments. *C.f.*, *Malibu Media v. Zenon Nowobilski*, No. 15-2250, ECF No. 18 (D.N.J. July 26, 2016) (Judge Kevin McNulty). Although no defendant has yet defaulted in an action before the undersigned judge, Malibu Media can expect that similar leniency will likely be afforded to defendants who seek to set aside a default entered in Malibu Media's favor, whether due to a calendaring error, the inexperience of a *pro se* litigant, or some other excuse.

Finally, MBS contends that Malibu Media requested a one-week extension to respond to his counterclaim and squandered that opportunity. To support that contention, MBS submits an email from counsel for Malibu Media, in which the latter requested a one-week extension (Edmondson Decl., Exh. 1). Contrary to MBS, however, the subject of the email indicated it pertained to a *different* Malibu Media action, Case No. 15-4441, in which MBS's counsel also represent the defendant. Thus, MBS's argument that Malibu Media's request for an extension constituted some intentional delay tactic is misplaced.

**CONCLUSION**

For the reasons stated above, plaintiff's motion to set aside the default is hereby **GRANTED**. Malibu Media must answer the counterclaims within **SEVEN CALENDAR DAYS** of this order.

**IT IS SO ORDERED.**

Dated:   August 4, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4